IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Lee Roy Knowlin, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:10cv824 (CMH/JFA) |
| | ) | |
| Gene M. Johnson, et al., | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Lee Roy Knowlin, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his continued incarceration after he became eligible for parole.[1] Respondents have filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Knowlin was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons that follow, Knowlin's claims must be dismissed.

### I. Background

Knowlin is an inmate confined within the Virginia Department of Corrections ("VDOC") pursuant to his conviction in the Circuit Court for the County of Culpeper, Virginia of two counts of sexual assault/rape, forcible sodomy and assault and battery. Resp. Ex. A, ¶ 4. Knowlin was

---

[1] This petition is one of seven substantially similar applications for § 2254 relief filed in the Eastern District of Virginia by prisoners challenging the constitutionality of Virginia's parole statutes. The related actions and their present statuses are as follow: Williams v. Johnson, 1:10cv823 (GBL/IDD) (pending); Miller v. Johnson, 1:10cv837 (LO/TRJ) (dismissed as time-barred May 24, 2011); Doxie v. Clarke, 2:10cv379 (JBF/DEM) (denied and dismissed June 29, 2011); Williamson v. Clarke, 2:10cv522 (RBS/DEM) (denied and dismissed July 12, 2011); Grimm v. Johnson, 3:10cv593 (JRS) (denied and dismissed August 2, 2011); Woodfin v. Johnson, 3:10cv495 (JRS) (denied and dismissed July 22, 2011).

sentenced to life in prison, and he became eligible for discretionary parole on November 9, 2001. Id., ¶ 6. He has been considered for discretionary parole on numerous occasions, in 2001, 2004, 2006, 2007, 2008, 2009 and 2010. Id. In each instance, Knowlin was denied parole based on the serious nature and circumstances of his crimes. Resp. Ex. A, Attachments.

On January 25, 2010, Knowlin filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising the same challenges to the Virginia parole statute that he makes in this federal petition. On April 5, 2010, the Court dismissed the petition on the express holdings that it was untimely filed and concerned a matter for which habeas corpus does not lie. Knowlin's petition for rehearing was denied on June 16, 2010. Knowlin v. Dir., Dep't of Corr., R. No. 100183 (Va. Apr. 5, 2010); Resp. Ex. C.[2] Knowlin filed the instant federal habeas petition on July 8, 2010, challenging both the facial constitutionality of Virginia's parole law, Va. Code §§ 53.1-136(1), 53.1-155, and the lawfulness of its application in his case. Based on the pleadings and record before this Court, it is uncontested that Knowlin's claims are exhausted, as required under 28 U.S.C. § 2254.

## II. Procedural Bar

In dismissing Knowlin's state application for habeas corpus relief, the Supreme Court of Virginia found in relevant part that "the petition ... was not timely filed, Code § 8.01-654(A)(2)...." Knowlin v. Dir., supra. Such a finding of procedural default by a state court is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255,

---

[2]Knowlin explains that claims One through Six of the instant petition, Pet., App. 1, were raised in his state habeas corpus application, and claims Seven through Fourteen, Pet., App. 2, were raised in the motion for rehearing he filed after the state petition was dismissed. See Pet. at ¶¶ 2 - 3. Regardless, since the petition itself was dismissed as untimely, it is apparent that any claims raised for the first time in a subsequent motion for rehearing were untimely as well.

262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). A state procedural rule is "adequate" if it is firmly established and regularly or consistently applied by the state court, and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998). When these two requirements have been met, a federal court may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In this case, the Supreme Court of Virginia dismissed Knowlin's claims as untimely filed pursuant to Virginia Code § 8.01-654(A)(2). Such a determination constitutes an independent and adequate state ground for denying relief. See O'Dell v. Netherland, 95 F.3d 1214, 1243 (4th Cir. 1996); see also Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006). Therefore, as the respondent argues, Knowlin's present claims are procedurally defaulted from federal review, unless he can satisfy the cause and prejudice requirement or show that a fundamental miscarriage of justice otherwise will result. The record reveals that after respondent invoked the defense of procedural bar,

3

Resp. at 3, Knowlin made no attempt to show cause and prejudice for the default of his present claims. Instead, liberally construed, it appears that he may have intended to argue that a fundamental miscarriage of justice will result if his claims are not reviewed, because the denial of his parole allegedly was predicated on an unconstitutional law which is a nullity and thus can be challenged at any time. Reply, ¶ 5. Assuming that is the correct interpretation of Knowlin's intent, his argument fails for the simple reason that, for the reasons which follow, Virginia's parole statute is not unconstitutional.

### III. Analysis

Knowlin makes the following claims:

1. Va. Code § 53.1-136(1) is facially unconstitutional and void in part for granting respondents 'naked arbitrary power' in patent violation of the guarantees of due process of law made in both the Virginia and United States Constitutions.

2. Va. Code § 53.1-136(1) is facially unconstitutional and void in part under the void-for-vagueness doctrine.

3. Va. Code § 53.1-136(1) is facially unconstitutional and void in part because it contains the words 'and are found suitable ..., according to those rules adopted pursuant to subdivision 1,' which refers to language that is being challenged in claims 1 and 2.

4. The words 'Adopt, subject to approval by the Governor, ... eligibility requirements' in Va. Code § 53.1-136(1) are facially unconstitutional and void as being a violation of the separation of powers doctrine.

5. Va. Code § 53.1-136(1) is facially unconstitutional and void in part on the basis of void for vagueness because the said Code contains the words, 'Adopt, subject to approval by the Governor, ... eligibility requirements.'

6. The words 'the Board shall also determine that his release on parole will not be incompatible with the interests of society or of the

4

      prisoner' in Va. Code § 53.1-155 are unconstitutional on the basis of being void for vagueness.

7. The Supreme Court of Virginia's contention that his petition was 'too late' is plainly wrong as a matter of law and is 'plainly absurd, preposterous and unlawful.'

8. The Supreme Court of Virginia's contention that Va. Code § 8.01-654(A)(2) supports the idea that the petition was 'too late' is wrong as a matter of law and violates his right to due process.

9. The phrase 'after the cause of action accrues' in Va. Code § 8.01-654(A)(2) is unconstitutional on the basis of being void-for-vagueness.

10. The Supreme Court of Virginia's holding that 'habeas corpus does not lie' violated his state and federal constitutional rights to due process of law.

11. The Supreme Court of Virginia's reliance on Carroll v. Johnson, 278 Va. 683, 694 (2009) violated his state and federal constitutional rights to due process because Carroll is not on point.

12. The Supreme Court of Virginia violated his state and federal constitutional rights to equal protection of the laws by contending that he may not employ habeas corpus to attack unconstitutional state laws while the court did not raise any such objection in the habeas corpus case of Hancock v. Brown, 212 Va. 215 (1971) (en banc).

13. His right to equal protection was violated because no time limit was imposed to bar the claims presented in Miller v. Dir., DOC, Case No. 100177, which asserted the same claims as did petitioner.

14. The Court's excuses for failing to entertain his claims constitutes an unlawful suspension of the writ of habeas corpus.

### A. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254 (e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300 - 01 (4th Cir. 2006). Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### B. Jurisdiction

Knowlin would be entitled to federal habeas corpus relief only if he could demonstrate that his continued detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). There is some doubt whether Knowlin may bring his present challenges to

Virginia's parole scheme in habeas rather than in a civil rights action pursuant to 42 U.S.C. § 1983. The Supreme Court has held that challenges to parole eligibility proceedings which seek new parole procedures, but which would not necessarily result in the petitioner's speedier release, do not "lie[] at 'the core of habeas corpus'" and instead are cognizable under 42 U.S.C. § 1983. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). As the Supreme Court recently explained, "[h]abeas is the exclusive remedy ... for the prisoner who seeks 'immediate or speedier release' from confinement." Skinner v. Switzer, 131 S.Ct. 1289, 1293 (2011) (quoting Wilkinson, 544 U.S. at 82).

However, the Supreme Court has not decided whether §1983 is the exclusive remedy for a prisoner who, like Knowlin, seeks immediate release even though the challenges he raises plainly do not make that remedy available. See Townes v. Jarvis, 577 F.3d 543, 549-50 n.4 (4th Cir. 2009); Terrell v. United States, 564 F.3d 442, 446 (6th Cir. 2009) (noting that the circuits "appear to be in conflict" on "whether habeas and § 1983 (or the equivalent for a federal prisoner) are mutually exclusive actions"). The Court need not resolve this contentious issue in this case, because Knowlin's constitutional challenges fail under either habeas or § 1983. See Neal v. Fahey, No. 3:07cv374, 2008 WL 728892 at *1 (E.D. Va. Mar. 18, 2008); see also Townes, 577 F.3d at 549-50 n. 4; Doxie v. Clarke, No. 2:10cv379, 2011 WL 1930666 at *3 (E.D. Va. Apr. 22, 2011) (allowing similar claims to proceed in habeas).

### C. Petitioner's Claims are Without Merit

Knowlin argues that Virginia's parole laws, Va. Code §§ 53.1-136, 53.1-155, are facially unconstitutional and therefore void. Pet. at 2. The Supreme Court of Virginia rejected this claim on the merits by explaining that "the Court is of the opinion that habeas corpus does not lie in this

matter and that the writ of habeas corpus should not be issued as prayed for." Knowlin v. Dir., supra (citing Carroll v. Johnson, 685 S.E.2d 647, 652 (Va. 2009)). In reviewing the state court's decision, Knowlin fails to show that that result was either contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts.

Claim 1: Arbitrary Power

In Claim 1, Knowlin cites Yick Wo v. Hopkins, 118 U.S. 356 (1886) to support his assertion that Va. Code § 53.1-136 (1) is void because the Due Process Clause[3] forbids laws that constitute a grant of "naked arbitrary power." In Yick Wo, the petitioner challenged his conviction for operating a laundry without a license.[4] Given the palpably discriminatory manner in which the local authorities dispensed licenses to Chinese and non-Chinese applicants, the Supreme Court concluded that Yick Wo's convictions "amount[ed] to a practical denial by the state of that equal protection of the laws ... [by] the fourteenth amendment." Id. at 373. The Court concluded that "[t]hough the law be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution." Id. at 373 - 74. "Equal protection claims are allowed in such circumstances not because the particular law is facially invalid or inapplicable to the plaintiff's conduct, but because of the concern that individuals with discretion in law

---

[3]"No State shall ... deprive and person of life, liberty, or property, without due process of law ...." U.S. Const. amend. XIV, § 1.

[4]The record reflected that local authorities largely refused to grant licenses to operate laundries to Chinese applicants. Yick Wo, 188 U.S. at 374.

enforcement will take advantage of that discretion to oppress unpopular groups." <u>Abcarian v. McDonald</u>, 617 F.3d 931, 940 (7th Cir. 2010).

Knowlin has failed to advance facts that plausibly suggest that the Virginia Parole Board ("the Board") has acted in an arbitrary or discriminatory manner in denying him parole release. Knowlin suggests that the Board merely selects inmates at random for release on parole and as a purported example directs the Court's attention to the case of Trance W. Wilkins. Pet., App. 1 at 7.[5] According to Knowlin, Wilkins was incarcerated on a 143-year sentence for two counts of attempted murder, three counts of robbery, multiple weapons offenses, and one count of attempted escape from custody. After Wilkins was denied non-mandatory parole release thirteen times, the Board allegedly selected him "at random" for release on parole in 2009. <u>Id.</u> However, contrary to Knowlin's suggestion, the record discloses an eminently rational basis for the Board to release Wilkins on parole in 2009, but to deny release to Knowlin. According to Knowlin, Wilkins became eligible for non-mandatory parole in October, 1989, while Knowlin did not become eligible for parole release until November 9, 2001. One of the factors the Board appropriately may consider in making a parole determination is the time of the sentence that has been served. Resp. Ex. A, Muse Aff. at 2. In 2009, when he was granted parole, Wilkins had served more than twenty years in prison after becoming eligible for parole release. At this point in time, Knowlin has served slightly less than ten years since becoming eligible for discretionary parole. Thus, Knowlin's comparison of his own case

---

[5]This argument appears in the section of his petition Knowlin has captioned "Supporting Facts and Law" for his "Constitutional Claim Number Two," in which he challenges Virginia's parole laws as being void for vagueness. Because the argument more properly supports his claim that those who enforce the parole laws are allowed to act in a discriminatory manner, it is considered here as potential support for that argument in deference to Knowlin's <u>pro se</u> status. The Court assumes for the purpose of argument, but has not independently verified, that the circumstances petitioner asserts concerning the inmate Trance Wilkins are accurate.

to that of Wilkins offers no support for his position that the Board has acted in a arbitrary or discriminatory manner in denying him release on parole, and Claim 1 is without merit.

### Claims 2, 5 and 6: Void for Vagueness

In claims 2, 5 and 6, Wilkins argues that the statutes which govern parole in this state, Va. Code §§ 53.1-136(1) and 53.1-155, are void for vagueness. These statutes provide in pertinent part:

> In addition to the other powers and duties imposed upon the Board by this article, the Board shall:
>
> 1. *Adopt, subject to approval by the Governor, general rules governing the granting of parole and eligibility requirements*, which shall be published and posted for public review;
>
> 2. (a) Release on parole for such time and upon such terms and conditions as the Board shall prescribe, persons convicted of felonies and confined under the laws of the Commonwealth in any correctional facility in Virginia when those persons become eligible and are found suitable for parole, according to those rules adopted pursuant to subdivision 1 ....

Va. Code Ann. § 53.1-136 (West 2011) (emphasis added).

> No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental conditions and character and his conduct, employment and attitude while in prison. *The Board shall also determine that his release on parole will not be incompatible with the interests of society or of the prisoner.*

Va. Code Ann. § 53.1-155(A) (West 2011) (emphasis added).

Knowlin argues that the italicized potions of these statutes are unconstitutionally vague. He asserts that the Court should strike that language, which in turn would result in his absolute right to be released because he is eligible for parole. To the contrary, however, Claims 2, 5 and 6 are utterly frivolous. See Grimm v. Johnson, 2011 WL 3321474 at * 3 (E.D. Va. Aug. 2, 2011); Woodfin v. Johnson, 2011 WL 3101792 at * 3 (E.D. Va. July 25, 2011). "It is a basic principle of due process

that an enactment is void for vagueness if its prohibitions are not clearly defined." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). "Consistent with that approach, the Court has steadfastly applied void-for-vagueness doctrine only to statutes or regulations that purport to define the lawfulness of conduct or speech." Nyeholt v. Sec'y, Veterans Affairs, 298 F.3d 1350, 1356 (Fed. Cir. 2002). Therefore, " a void-for-vagueness challenge must be directed to a statute or regulation that purports to define the lawfulness or unlawfulness of speech or conduct." Id. at 1357. The parole statutes at issue here do not attempt to define the lawfulness of speech or conduct, but instead prescribe the general process and criteria for granting parole in Virginia. Therefore, a void-for-vagueness challenge to these statutes will not lie. See Grimm, 2011 WL 3321474 at * 3; Woodfin, 2011 WL 3101792 at * 3; see also, Vann v. Angelone, 73 F.3d 519, 523 (4th Cir. 1996) ("The Constitution simply does not speak to the generality or specificity of the standards for parole eligibility adopted by a state.") (citing Greenholtz v. Neb. Penal Inmates, 442 U.S. 1, 7-8 (1979)). Accordingly, Knowlin's void-for-vagueness arguments in Claims 2, 5 and 6 warrant no relief.[6]

Claim 3: Facial Unconstitutionality

In Claim 3, Knowlin argues that Va. Code § 53.1-136(1) is facially unconstitutional and void in part because of the same language he challenged in Claims 1 and 2. Because Claim 3 thus depends for support on claims which have been determined to be meritless, Claim 3 likewise fails.

---

[6] Moreover, even if it were assumed that Knowlin could mount a void-for-vagueness challenge to Virginia's parole laws, they would pass constitutional muster. The Supreme Court has emphasized that if a state chooses to create a parole system, "the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." Greenholtz, 442 U.S. at 8. Given this broad discretion that has been entrusted to the states in area of parole, language like that employed in the Virginia statutes has withstood numerous constitutional challenges. See Grimm, 2011 WL 3321474 at * 3, n. 2, and cases cited.

### Claim 4: Separation of Powers

In Claim 4, Knowlin contends that portions of Virginia's parole scheme that are codified at Va. Code § 53.1-136(1) violate separation of powers principles. Even if that were true, the separation of powers doctrine is embodied in the federal Constitution, and is not binding on the states. Grimm, 2011 WL 3321474 at * 2; see Whalen v. United States, 445 U.S. 684, 689 n.4 (1980). Therefore, Knowlin's claim that Virginia's parole scheme violates the separation of powers doctrine provides no basis for federal habeas corpus relief. Id.

### Claims 7 - 14: Supreme Court of Virginia's Decision

In claims 7 through 14, Knowlin argues that the Supreme Court of Virginia's dismissal of the state habeas corpus petition where he initially raised Claims 1 through 6 was erroneous and violated his state and federal constitutional rights. However, it is well established that the scope of federal habeas corpus review is limited to questions that implicate the federal Constitution or federal laws, and does not extend to re-examination of a state court's interpretation and application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). Knowlin argued to the Supreme Court of Virginia that Virginia's parole scheme violates the Virginia Constitution, and the court rejected his argument and dismissed his petition. Therefore, to the extent that claims 7 through 14 rest on alleged misapplication of Virginia procedural and substantive law in the state habeas corpus proceeding, they state no claims for federal relief. And because the substance of the claims Knowlin raised in his state habeas application were identical to Claims 1 through 6 of this federal petition, which have been analyzed and rejected on the merits here, it is obvious that the Supreme Court of Virginia could not have violated Knowlin's

federal rights by dismissing those claims in his state habeas proceeding. Accordingly, Claims 7 through 14 of this petition warrant no relief.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 13th day of Sept, 2011.

Alexandria, Virginia

/s/
Claude M. Hilton
United States District Judge